IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ELIJAH STRONG**                                                                                          **PLAINTIFF**

vs.                                                        **CIVIL ACTION No.: 3:18-CV-722-HTW-LRA**

**UNITED STATES DEPARTMENT OF
AGRICULTURE SECRETARY SONNY PERDUE**                 **DEFENDANT**

**ORDER DENYING RECONSIDERATION**

BEFORE THIS COURT is the *pro se* plaintiff, Elijah Strong's (hereinafter referred to as "Strong") Motion for Reconsideration. **[Docket no. 31]**. By his motion, Strong asks this court to set aside its August 5, 2020 Memorandum Opinion and Order granting the defendant's Motion to dismiss [Docket no. 29]. The defendant has not responded to Strong's motion to reconsider.

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc*., No. 5:03cv241, 2005 WL 1528611, at *1 (S.D. Miss May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993).

There are only three grounds for which this court may grant a motion for reconsideration: "(a) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000). If none of these three grounds is present, this court must deny the motion. Id. at *3.

Strong argues that this court should overturn its previous ruling dismissing his lawsuit because he failed to seek Equal Employment Opportunity Commission counseling within the

mandatory forty-five days of his resignation. Strong does not present any new evidence or jurisprudence for this court to consider.

This court has reviewed the submissions of Strong and the relevant jurisprudence, once more, and is persuaded, that the Motion for Reconsideration filed by Strong **[Docket no. 31]** should be **DENIED**.

**IT IS, THEREFORE, ORDERED** that Strong's Motion for Reconsideration [Docket no. 31] should be DENIED.

**SO ORDERED AND ADJUDGED** this the 9th day of March, 2021.

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**